IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,596-02






EX PARTE KARL WAYNE THOMAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 31,906 IN THE 33
RD DISTRICT COURT


FROM BURNET COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to imprisonment for ten years and six months. His appeal was dismissed as untimely
filed. Thomas v. State, No. 03-06-00597-CR (Tex. App.-Austin, delivered October 26, 2006, no
pet.). 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. The trial court recommended that we grant Applicant an out-of-time
appeal. We believe, however, that counsel should have the opportunity to respond to Applicant's
claim. Accordingly, the trial court shall provide counsel with the opportunity to respond to
Applicant's claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether Applicant was denied
his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 9, 2007

Do not publish